# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JIMMY CASTRO FELAN, JR., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. SA-17-CV-880-XR |
| § | |
| MICHAEL FERNANDEZ, ET AL., § | |
| § | |
| *Defendants.* § | |

## ORDER

On this date, the Court considered the status of this case. Plaintiff filed this action against Defendants Michael Fernandez, Gilberto Trevino, Jr., FNU Palojas, Juan Macias, and Sheriff Javier Salazar. Plaintiff alleges that on April 4 or 5, 2017, Deputy Fernandez punched him in the face when Felan objected to being ordered to "rack up" without a shower; Deputy Trevino failed to intervene or assist Felan; on April 28, 2017, Corporal Palojas sexually assaulted him by "grabbing [his] right butox [sic]" and Deputy Macias searched his cell to harass him, allowed his superior to sexually assault Plaintiff, and kicked a tray slot door shut, injuring Plaintiff's hand. Plaintiff also sued Bexar County Sheriff Salazar contending he is responsible for the acts of his subordinates The Magistrate Judge directed service as to all Defendants, but only Defendants Salazar and Macias were successfully served initially.

Defendants Salazar and Macias filed motions to dismiss. Docket nos. 12 & 19. On April 4, 2018, this Court granted the motions to dismiss and dismissed the claims against these Defendants without prejudice. Docket no. 22. As to the claims against Macias, the Court dismissed for improper service, but also noted that Plaintiff's allegations failed to state a claim

upon which relief could be granted. The Court noted that Plaintiff's allegation that Macias searched his cell to harass him was speculative and conclusory, and Plaintiff failed to allege how he was injured by it. With regard to the claim that Macias kicked a tray slot door shut, Plaintiff failed to allege facts that would support a claim that Macias "purposely or knowingly intended to injure Plaintiff by kicking the tray slot door shut" rather than acting with mere negligence. The Court further noted that Plaintiff failed to allege how his hand was injured and the extent of the injury. Last, although Plaintiff alleged that Macias allowed his supervisor Palojas to sexually assault Plaintiff, he failed to allege facts in support of this claim, such as facts alleging that Macias was on notice of the danger and was deliberately indifferent to it. Thus, the Court gave Plaintiff notice that his claims were insufficient to plausibly state a claim for relief, but gave Plaintiff leave to file an amended complaint to attempt to address the deficiencies identified by the Court. Docket no. 22.

The Court also noted that attempts to serve the remaining three defendants had proved unsuccessful, and ordered that, after Plaintiff filed his amended complaint, the Clerk should request the Marshal to personally serve the defendants with a copy of the amended complaint. However, instead of filing an amended complaint, Plaintiff filed an interlocutory appeal with the Fifth Circuit. Docket no. 23. To ensure that the case continued to progress as to the other defendants, the Court ordered the Clerk of Court to request the U.S. Marshal to personally serve Defendants Fernandez, Trevino, and Palojas with a copy of Plaintiff's Original Complaint and a summons. Docket no. 25. On July 26, the Marshal returned the summons unexecuted because the certified mail had been returned. Docket no. 29. On August 13, the Fifth Circuit dismissed Plaintiff's appeal. Docket no. 30. On August 20, the Marshal again

returned the summons on Palojas unexecuted, noting that Captain Guerra had stated that no one by the name of Palojas worked at the Bexar County Sheriff's Office. Docket no. 31.

On August 20, 2018, Plaintiff filed an Amended Complaint. On September 10, the Marshal returned service on Trevino unexecuted. Docket no. 35. On September 19, the Marshal returned service on Michael Fernandez, noting that he had been successfully served on September 14, 2018. Docket no. 36. On September 21, the Magistrate Judge ordered counsel for Bexar County to provide service information for Corporal Trevino. Docket no. 37.

On October 4, Defendant Michael Fernandez filed an answer and motion to dismiss. Docket nos. 40, 41. On October 8, counsel for Bexar County identified defendant Trevino and agreed to accept service on his behalf. Docket no. 42. The Magistrate Judge thereafter ordered service on Trevino via counsel, and Defendant Trevino was served on October 24, 2018. Docket nos. 43, 48. Defendant Trevino filed an answer on November 19, 2018. Docket no. 50. The Magistrate Judge then entered a scheduling order, with dispositive motions due by May 15, 2019. Docket no. 51.

On March 14, 2019, this Court denied Defendant Fernandez's motion to dismiss the claims against him, noting that Plaintiff had adequately stated a claim. Docket no. 65. The Court also denied Plaintiff's motion for discovery, noting that Plaintiff should serve discovery on the Defendants rather than filing it with the Court, unless he was filing a motion to compel. *Id.* In response, Plaintiff filed "Plaintiff's Disposition and Plaintiff's First Set of Interrogatories to Defendants Michael Fernandez and Corporal Gilbert Trevino, Jr." Docket no. 67. This included a statement of the facts concerning his claims against Fernandez and

Trevino and also included interrogatories directed at these two Defendants. The filing is made under penalty of perjury pursuant to 28 U.S.C. § 1746.

On May 15, 2019, Defendants Fernandez and Trevino moved for summary judgment. Docket no. 68. In support, each Defendant filed his own Affidavit and the Facility Incident Reports that they had submitted. The motion for summary judgment indicates that it was served on Plaintiff at the Stringfellow Unit in Rosharon, Texas. Plaintiff has not responded to the motion. On August 1, Plaintiff filed a Motion to Stay, noting that he will be released from custody on October 23, 2019, and asking for a stay of ninety days after his release to find an attorney. He also filed a letter indicating that Defendants did not respond to his interrogatories and instead filed a motion for summary judgment.

**Analysis**

**A. Defendants Fernandez and Trevino's Motion for Summary Judgment**

The Court will deny the motion for summary judgment. Although Plaintiff has not responded to the motion, his verified "Disposition" alleges sufficient facts to create a material issue of fact on his excessive force claim. Defendants contend that, in response to Deputy Fernandez's instructions to "rack up," Plaintiff refused and "bladed himself toward Deputy Fernandez (i.e., he leaned in toward Deputy Fernandez), putting up his hands, clenching his fists, and stepping toward Deputy Fernandez in a threatening manner" while "less than a few feet away." Docket no. 68 at 4. Defendants contend that, because of the perceived immediate threat, Fernandez delivered one quick strike with his hand to Plaintiff's face, and Plaintiff fell to the floor. Defendants further assert that Fernandez attempted to place Plaintiff in hand

4

restraints, but Felan continued to resist, and as a result Fernandez "then delivered three to four knee strikes to the side of Felan's body in an effort to get him to comply." *Id.* at 4-5.

In contrast, Plaintiff asserts that Defendant Fernandez "struck Plaintiff in the face and head area several times while inmate did not resist the assault." Plaintiff further asserts that he was not the aggressor, that Fernandez "took it upon himself to use violence as a force to subdue plaintiff for refusing to rack up back to plaintiff's cell," and that Plaintiff sustained injuries, including "a gash over right eyes, several facial and head bumps and bruises, and busted lips." Docket no. 67.

A Court must accept the Plaintiff's version of the facts at summary judgment, and currently no record evidence, such as a videotape of the incident, clearly contradicts Plaintiff's allegations. *See Waddleston v. Rodriguez*, 750 F. App'x 248, 253-54 (5th Cir. 2018) (court must accept the plaintiff's version of the facts at summary judgment, unless record evidence such as a videotape clearly contradicts the plaintiff's allegations). Thus, material fact issues remain that preclude summary judgment on this claim.

**B. Defendant Palojas**

As to Defendant Palojas, Plaintiff still has been unable to identify this Defendant, and Bexar County has stated that no one with such a name has been employed there. Thus, the Court must determine whether additional discovery is warranted to aid in identifying this Defendant.

Plaintiff alleges that SERT Officer Palojas "sexually assaulted" him by "grabbing my (right) buttox to egg me on to fight." A prison officer's intentional contact with an inmate's genitalia or other intimate area that serves no penological purpose and is undertaken with the

5

intent to gratify the officer's sexual desire or humiliate the inmate may violate the Eighth Amendment in certain circumstances. *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012); *Lagarde v. Metz*, No. 13-805-RLB, 2017 WL 457654, at *3 (M.D. La. Feb. 2, 2017). But not every unwanted malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

Further, a prisoner may not recover for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a "sexual act," 42 U.S.C. § 1997e(e), and Plaintiff's allegations fail to qualify as a "sexual act," 42 U.S.C. § 2246(2). Plaintiff also fails to allege that he suffered any physical injury from the alleged unwanted touching. Thus, Plaintiff's allegations fail to establish a physical injury or a sexual act that would permit recovery of mental anguish damages. However, the statute does not bar him from seeking nominal damages or punitive damages.

Nevertheless, the Court further finds that Plaintiff's allegations are insufficient to establish a claim for which such damages could be recovered. To state an Eighth Amendment violation, the plaintiff must first show that the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimension. *McMillian*, 503 U.S. at 8, 20. A single incident of sexual abuse may violate an inmate's Eighth Amendment rights if it is sufficiently severe or serious. *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015). Plaintiff alleges that the unwanted touching of his buttocks was to "egg him on to fight," not for Palojas's sexual gratification or for the purpose of sexually abusing or humiliating Plaintiff. Although the allegations, if true, would establish inappropriate physical contact that may rise to a state-law claim for assault, the alleged facts do not rise to the level that has been found sufficient to state

an Eighth Amendment claim. *Berryhill v. Schiriro*, 137 F.3d 1073 (8th Cir. 1998) (allegations that civil maintenance employees briefly grabbed inmate's buttocks held insufficient); *Green v. Vannoy*, No. 15-42-JWD-SCR, 2015 WL 3456713, at *2 (M.D. La. May 29, 2015) ("Plaintiff's allegation that Sgt. Matthew grabbed him by his buttocks, without more, is insufficient to state an excessive force claim."); *Smith v. Starky*, No. 5:08cv196, 2009 WL 1351771, at *2 (E.D. Tex. May 13, 2009) (inmate's allegation that guard "grabbed my butt in a sexual manner" held insufficient to state a constitutional violation).

Cases finding constitutional violations have involved more objectively significant and repugnant contact of a sexual nature that offends modern standards of decency. *E.g.*, *Crawford*, 796 F.3d at 258 (fondling and squeezing inmate's penis, "roaming" hands down inmate's thigh, and demeaning comments found sufficient to state a claim); *Lagarde v. Metx*, No. 13-805, 2017 WL 457654 (M.D. La 2017) (defendant exposed his penis, forcibly grabbled the plaintiff's head and made demands for oral sex before shoving a broomstick down the plaintiff's pants in between his uncovered butt cheeks in an attempt to penetrate the plaintiff's anus). The allegations here are more the "isolated, unwanted touching by prison employees" that do not violate federal constitutional rights. *Copeland v. Nunan*, 250 F.3d 743 (5th Cir. 2001) ("isolated, unwanted touchings by prison employees, though 'despicable and, if true, they may potentially be the basis of state tort actions . . . they do not involve a harm of federal constitutional proportions as defined by the Supreme Court"). Accordingly, the Court concludes that Plaintiff's allegations fail to state a viable claim under the Eighth Amendment, and thus finds that the claims against Palojas should be dismissed.[1]

---

[1] To the extent Plaintiff may have a state-law claim against Palojas, the Court declines to exercise supplemental jurisdiction over such claim because the Palojas incident is unrelated to the incident involving the other remaining defendants Fernandez and Trevino over which this Court has federal question jurisdiction. Thus, any

## C. Defendant Macias

Claims remain pending as to Defendant Macias, since after the Court dismissed the claims for improper service, Plaintiff filed an Amended Complaint re-asserting claims against Macias. However, Macias was never served with the Amended Complaint. Before ordering service, the Court will examine whether the allegations in the Amended Complaint have remedied the deficiencies noted by the Court in its dismissal order. In its prior Order, the Court noted the following:

> Plaintiff alleges that on April 28, 2017, Deputy Macias harassed him by searching his cell, allowed his superior to sexually assault Plaintiff, and kicked a tray slot door shut injuring Plaintiffs right hand. Plaintiffs allegation that Deputy Macias searched his cell to harass him is speculative and conclusory, and Plaintiff fails to allege how he was injured by this. To show an excessive force claim in violation of the Fourteenth Amendment Due Process Clause,[2] "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Objective reasonableness will depend on the facts and circumstances of each case, but the court may consider: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiffs injury; any effort made by the officer to temper or to limit the amount of force, the severity of the security problem at issue; the threat perceived by the officer; and whether the plaintiff was actively resisting. *Id*.
> Plaintiff fails to allege facts that would support a claim that Macias "purposely or knowingly" intended to injure Plaintiff by kicking the tray slot door shut; Plaintiff's allegations are consistent with mere negligence, which is not a basis for a § 1983 claim. Furthermore, though Plaintiff alleges his right

---

state-law claim against Palojas is not part of the same case or controversy sufficient to justify an exercise of supplemental jurisdiction.

[2] Defendants have since advised the Court that Plaintiff was a convicted prisoner, not a pretrial detainee, at the time of the events at issue. The Fourteenth Amendment protects pre-trial detainees from excessive force, while the Eighth Amendment protects convicted prisoners. However, the factors to be considered for an excessive force claim under the Eighth Amendment are similar to those the Court listed. *See Waddleton v. Rodriguez*, 750 F. App'x 248, 253 (5th Cir. 2018) ("In evaluating excessive force claims under the Eighth Amendment, the 'core judicial inquiry' is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'") This standard focuses on "the detention facility official's subjective intent to punish. To determine intent, this court references the "well-known *Hudson* [*v. McMillian*] factors" to determine whether the use of force was constitutionally permissible. These factors are: (1) "the extent of injury suffered by an inmate," (2) "the need for application of force," (3) "the relationship between" the need for force and the amount of force used, (4) "the threat 'reasonably perceived by the responsible officials,'" and (5) "any efforts made to temper the severity of a forceful response.").

hand was "injured" he fails to allege how his hand was injured and the extent of the injury. In short, Plaintiff fails to allege any facts that would permit the Court to conduct the required inquiry. Plaintiff also alleges Macias allowed his supervisor to sexually assault him, but he fails to allege facts in support of this claim, such as who was responsible for this assault or facts alleging Macias was on notice of the danger and was deliberately indifferent to that danger. Pleading legal conclusions is not sufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555-56, 570.

In sum, Plaintiff's claims against Defendants Salazar and Macias are speculative, vague, and conclusory, and fail to allege sufficient facts to state civil rights claims.

Docket no. 22 at 4-5.

The Amended Complaint alleges:

Plaintiff states that he was sexually assaulted by F/N/U SERT Corporal Palojas or UnNamable SERT Officer who was also working with a SERT OFFICER Juan Macias at the time of the assault. SERT Officer, Juan Macias then Assaulted Plaintiff by Kicking Tray slot of cell door, shutting in a where it slammed against Plaintiff's Right hand causing Injury and was refused medical treatment. Dates and other details already submitted in original filings in which Plaintiff has a witness, Roger Tejeda sid# 900753 who was Plaintiff's cell mate at the time.

Docket no. 32. These allegations fail to remedy the deficiencies noted previously by the Court. Plaintiff fails to allege facts demonstrating that Macias purposefully kicked the tray slot to injure Plaintiff, as opposed to negligently injuring Plaintiff. Plaintiff also asserts in a conclusory manner that he was refused medical treatment, but fails to allege any facts establishing that Macias knew that Plaintiff was injured and was deliberately indifferent to a risk of serious harm in denying medical treatment. Further, the pleadings fail to allege sufficient facts concerning Macias's alleged conduct with regard to Plaintiff's sexual assault allegations, given that the Court has found no Eighth Amendment violation and Plaintiff still has not alleged facts establishing deliberate indifference. Accordingly, the Court will dismiss

9

the claims against Macias because Plaintiff has previously been notified of the deficiencies in the allegations and given an opportunity to remedy those deficiencies, but has failed to do so.

## Conclusion and Orders

Defendant Fernandez and Trevino's Motion for Summary Judgment (docket no. 68) is DENIED.

Plaintiff has failed to state a claim upon which relief can be granted against Defendants Macias and Palojas and thus the claims against them are DISMISSED.

Plaintiff's request for a stay of this case pending his release and for sufficient time to obtain counsel (docket no. 70) is GRANTED. This case will be stayed to allow Plaintiff an opportunity to obtain counsel after his release.

Further, the referral of this case to the Magistrate Judge is WITHDRAWN.

Because the case is stayed for an extended period, the Court finds it is appropriate for administrative closure. *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay ...."); *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006). The Clerk's office is DIRECTED to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. *Mire*, 389 F.3d at 167.

Plaintiff shall keep the Court informed of his release and his address after release by filing an advisory within 30 days of his release. In addition, within 90 days of his release, he must file a written advisory informing the Court of all efforts made to obtain counsel.

It is so ORDERED.

SIGNED this 12th day of August, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE